# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EMPIRE STATE MANAGEMENT LLC | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| ESRT EMPIRE STATE BUILDING, L.L.C. | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff Empire State Management LLC ("ESM" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint against ESRT EMPIRE STATE BUILDING, L.L.C. ("ESRT" or "Defendant") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## **NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of non-infringement and invalidity of Defendant's trademarks arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. §§ 1052 and 1125, *et seq.*, and common law, as well as cancellation under 15 U.S.C. §§ 1064 and 1119.

2. Defendant, in an apparent attempt to monopolize New York's nickname "Empire State" in connection with real estate, has conducted an enforcement program by harassing and bullying small businesses into changing their marks.

3. As discussed in more detail below, Defendant threatened Plaintiff with litigation because its name and logo include New York's nickname, "Empire State," and

its logo includes a generic skyscraper. Defendant demanded that Plaintiff change its mark such that it did not include a skyscraper at all, irrespective of similarity with Defendant's building.

4. Plaintiff has thus been forced to file this action to vindicate its right to use "Empire State" and an image of a generic skyscraper, both common symbols of New York.

## PARTIES

5. Plaintiff is a New York corporation with a place of business at 246 Lynch Street, #1A, Brooklyn, New York 11206. Plaintiff provides residential real estate services in New York.

6. Upon information and belief, Defendant ESRT is a Delaware corporation with a place of business at 111 West 33rd Street, New York, New York 10120. Defendant may be served with process through its agent, Corporation Service Company, at 80 State Street, Albany, New York 12207-2543. Upon information and belief, Defendant owns and leases commercial real estate in business districts.

## JURISDICTION AND VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Federal Rule of Civil Procedure 57, the Trademark Laws of the United States, and 15 U.S.C § 1051 *et seq.* (the "Lanham Act"), due to Defendant's assertion of trademark infringement and likelihood of confusion against Plaintiff for trademark Registration Nos. 2411972, 2413667, 2429297, 2430828, 5680158, 4797995, 4775666, and 4744135 (collectively, along with any common law rights Defendant may own in the respective marks, the "Asserted Marks"). A copy of the data for each registration from the United States Patent and Trademark Office's TSDR database is attached hereto as Exhibit A.

8. Subject matter jurisdiction over the claims is conferred upon this Court by 28 U.S.C. § 2201 and 2202 (declaratory judgment), 28 U.S.C. § 1331 (federal question jurisdiction), and 15 U.S.C. § 1121(a) (trademark jurisdiction).

9. This Court also has personal jurisdiction over Defendant because, upon information and belief, Defendant maintains its principal place of business within the state, maintains substantial, continuous and systematic contacts within the state, and has committed acts giving rise to this action within New York and within this District. Defendant derives substantial revenue from New York, and has accused Plaintiff of trademark infringement, the alleged infringement taking place, *inter alia*, in New York.

10. The exercise of personal jurisdiction comports with Defendant's right to due process, because it has purposefully availed itself of the privilege of conducting activities nationally, including within the Eastern District of New York, such that it should reasonably anticipate being hailed into court here.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Plaintiff resides within this District. Moreover, Defendant has directed its enforcement activities at the District and a substantial part of the events giving rise to the claim occurred in this District.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

12. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

13. On March 30, 2018, Defendant sent a letter to Plaintiff alleging trademark infringement based on ESM's company name and logo (the "Accused Marks"), without alleging, with specificity, the ESRT marks being infringed. A copy of the letter is attached

4

hereto as Exhibit B. On September 13, 2019, Defendant followed up by email. On December 4, 2019, Defendant again re-asserted that Plaintiff was infringing its marks.

14. In a series of emails and phone calls, Defendant demanded that Plaintiff remove any depiction of a skyscraper from its logo.

15. Plaintiff has denied and continues to deny that it infringes any of the Asserted Marks.

16. Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's Accused Marks infringe the Asserted Marks, and whether the Asserted Marks are invalid and therefore subject to cancellation.

17. Absent a declaration of non-infringement and/or invalidity and cancellation, Defendant will continue to wrongfully allege that Plaintiff's Accused Marks infringe the Asserted Marks, and thereby cause irreparable injury and damage to Plaintiff.

**COUNT ONE: NON-INFRINGEMENT OF THE ASSERTED MARKS**

18. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

19. Defendant claims that use of the Accused Marks constitute trademark infringement and causes confusion and, under threat of litigation, demands that Plaintiff cease all use of the Accused Marks.

20. Plaintiff's Accused Marks do not cause a likelihood of confusion with the Asserted Marks.

The Accused Word Mark

21. ESM's word mark, "EMPIRE STATE MANAGEMENT," is descriptive in nature. Empire State is a well-known nickname for the State of New York, within which Plaintiff resides and conducts its business activities. A quick search on Google reveals a plethora of companies, based in New York, with names that include "Empire State." Plaintiff manages residential real estate properties. Thus, Empire State Management merely refers to a New York-based management company.

22. The use of Empire State as a descriptor of New York predates ESRT's use by over 150 years. According to the New York Historical Society (https://www.nyhistory.org/community/empire-state-nickname), the Empire State nickname for New York was used at least as early as 1785 by George Washington. Therefore, the use of the Empire State prefix has been descriptive and commonly used to describe New York origin almost two centuries before ESRT began referring to its building as the Empire State Building.

23. "Empire State" was included on New York State license plates from 1951 through 1963 and from 2001 to the present. Presently, license plates in New York State look as follows:



.

24. Numerous New York-based or associated companies use the term "Empire State" as part of their company name. A search of the New York State Department of

State, Division of Corporations, lists over 500 active entities beginning with "Empire State," attached hereto as Exhibit C. Indeed, the Division of Corporations limits the results only to the first 500 entities, because there are so many entities with "Empire State" in the name.

25. New York State itself maintains a complex of government buildings in its capital, including a skyscraper, that is called "Empire State Plaza":



26. ESRT's predecessor-in-interest did not coin the generic term EMPIRE STATE BUILDING. Indeed, there have been multiple buildings called the Empire State Building. For example, in 1897, a building called the Empire State Building was completed at 640 Broadway, New York, NY. *See, e.g.*, Acadia wants $136M for new condos at original Empire State Building, https://therealdeal.com/2017/07/19/acadia-wants-136m-for-new-condos-at-original-empire-state-building/ (Noting that the original Empire State Building "housed the Empire State Bank and the words 'Empire State Building' were etched in relief above the doorway").

27. Further, ESM offers wholly distinct services than those of ESRT. ESM offers residential real estate for rent. ESRT, on the other hand, focuses on commercial Class A

real estate. Thus, a consumer of ESRT's Class A commercial real estate offerings would not look to, or be confused by, ESM's residential home rental properties.

28. Plaintiff and Defendant have used their respective marks since at least 2004, in the same city, without any incidents of actual confusion. Thus, despite ample opportunity for actual confusion to have occurred, no consumer has ever been confused. Clearly, there is no actual likelihood of confusion between the respective marks, as nearly twenty years of coexistence in the same city without any actual confusion is weighty evidence indeed of a lack of likelihood of confusion.

29. Therefore, ESM's use of EMPIRE STATE MANAGEMENT is not likely to cause confusion or deception among consumers as to whether ESM's services are sponsored, endorsed or licensed by, or otherwise affiliated with ESRT.

<u>The Accused Logo</u>

30. ESRT alleges that Plaintiff's logo, shown below causes a likelihood of confusion with ESRT's logos.



Plaintiff's Logo

31. Several of ESRT's Asserted Marks display skyscrapers. One such skyscraper is reproduced below.



Defendant's Logo

32. Plaintiff's and Defendant's logos are no more similar than any other tall, multi-layered skyscraper. First, the perspective (e.g., the viewpoint) of the two logos are so distinct, that one is unable to do a side-by-side comparison. By design, ESM's logo lacks clarity towards the top, since its perspective looks up from street level. Moreover, the bottom portion of ESM's logo is stretched, giving a very distinct impression overall, and especially at the bottom portion.

33. Second, ESRT has continually alleged that it is exclusively entitled to the use of skyscrapers in its logo. Several of the similarities alleged by ESRT to be found between ESM and ESRT's logos, however, are found in a litany of New York skyscrapers, and many more throughout the world.



34. Shown above is a side-by-side view of the Plaintiff's logo with the Chrysler building, another popular skyscraper in New York. Many of the characteristics allegedly shared by Plaintiff and Defendant's logos are shared with the Chrysler building.



35. This is further reinforced in the grouping above, which shows Plaintiff's logo placed between the Chrysler Building on the left, 500 5th Avenue, New York, NY on the immediate right, and 30 Rockefeller Plaza, New York, NY on the far right.

36. Indeed, 70 Pine Street, yet another New York skyscraper shown below, illustrates that even with its different proportions, there is similarity between it and both Plaintiff and Defendant's logos.



37. At least due to the prevalence of multi-tiered, tapered skyscrapers in the New York skyline in both art deco and related styles, Plaintiff's logo does not cause a likelihood of confusion with Defendant's logo.



38. Moreover, on an initial side-by-side impression between Plaintiff and Defendant's logos, illustrated above, it is clear that the buildings have multiple differences, including: (1) the perspective of ESRT's logo is a top-down view facing the front right side of the building, at a pronounced angle, whereas ESM's logo is a bottom-up perspective from the middle of the front of the building; (2) the top tiers of ESRT's logo are more step-like and well-pronounced; (3) the antenna atop ESRT's logo is prominent, whereas Plaintiff's logo does not even show a clear antenna; (4) the middle vertical "valley" is significantly deeper and pronounced in ESRT's logo; (5) the bottom layers are clearly distinct between ESRT and ESM's logos, at least because ESRT's logo includes more tiers; (6) ESRT's logo includes a broad lower tier, whereas ESM's logo does not; and (7) ESM's logo has a lower central portion with three cathedral style windows

and a pair of horizontally adjacent structures, whereas ESRT's logo has a central portion with no distinct window style and two pair of horizontally adjacent structures.



39. Similarly, on an initial side-by-side impression between Plaintiff and Defendant's logos, illustrated above, it is clear that the buildings have multiple differences, including: (1) the ESRT logo is a front elevation view of the building, whereas ESM's logo is a bottom-up perspective view from the middle of the front of the building; (2) the top tiers of the ESRT logo are more step-like and well-pronounced; (3) the antenna atop the ESRT logo is prominent, whereas the ESM logo does not even show a clear antenna; (4) the ESRT logo has no discernible middle valley nor any other indication of depth; (5) ESM's logo has a lower central portion with three cathedral style windows,

whereas the ESRT logo has no distinct lower central portion or a distinct lower central window style; (6) the ESRT logo includes lighter shading toward the top of its trunk; and (7) the ESRT logo includes at least three tiered portions on each side of the central column, whereas the EMS logo has only one tiered portion on either side of the central column.

40. For at least the above reasons, Plaintiff is entitled to a judgment declaring that it does not infringe, and has not infringed, the Asserted Marks, and that no likelihood of confusion exists.

**COUNT TWO: DECLARATION OF INVALIDITY AND CANCELLATION OF U.S. TRADEMARK REGISTRATION NOS. 2411972, 2413667, 4797995 AND RELATED COMMON LAW MARKS - GENERICNESS**

41. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

42. Registration Nos. 2411972, 2413667, and 4797995 for EMPIRE STATE BUILDING, should be canceled pursuant to 15 U.S.C. §§ 1064 and 1119 because each is generic of the real estate related services provided by ESRT.

43. Any common law marks the Defendant may purport to own in EMPIRE STATE BUILDING should be declared to be invalid as generic.

44. ESRT is listed in the records of the United States Patent and Trademark Office as the owner of Registration Nos. 2411972, 2413667, and 4797995 for EMPIRE STATE BUILDING for various real estate related services.

45. Registration No. 4797995 includes a statement under Section 2(f) of the Lanham Act and ESRT thereby has conceded that the mark is descriptive.

46. The Empire State Building is a building located in the Empire State.

47. The Empire State is a widely known nickname of the State of New York.

48. The Empire State has been a nickname of the State of New York for over 200 years.

49. ESRT leases commercial space in the Empire State Building.

50. Registration No. 4797995, for EMPIRE STATE BUILDING, is generic as applied to real estate services in the Empire State, leasing space in a building in the Empire State, and licensing images of a building in the Empire State. It is especially so for services that take place in the Empire State Building.

51. Registration No. 2413667, for EMPIRE STATE BUILDING, is generic as applied to real estate services in the Empire State and, in particular, in the Empire State Building.

52. With respect to Registration No. 2411972, for EMPIRE STATE BUILDING, the "providing observation decks in a skyscraper" refers to the observation deck of the Empire State Building. The mark EMPIRE STATE BUILDING is generic as applied to "providing" a portion (the observation deck) of the Empire State Building.

53. For at least the above reasons, Registration Nos. 2411972, 2413667, and 4797995 should be declared invalid as generic and, pursuant to 15 U.S.C. §§ 1064 and 1119, should be canceled.

**COUNT THREE: DECLARATION OF INVALIDITY AND CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 2429297 – VOID *AB INITIO***

54. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

55. Registration No. 2429297 (the "'297 Registration") is void *ab initio* because it was never owned by ESRT's predecessor-in-interest, Empire State Building Company.

56. On or about February 1, 1999, Empire State Building Associates purported to assign certain trademarks to Empire State Building Company (the "Purported Assignment"), which filed the application that became the '297 Registration.

57. However, the Purported Assignment did not in fact assign the mark ![Empire State Building design mark], the image shown in the '297 Registration. Instead, the Purported Assignment assigned "the design mark DESIGN OF EMPIRE STATE BUILDING" without an image or description of the mark. Moreover, the Purported Assignment is void as it only contains a boilerplate consideration clause and is silent as to the consideration received by the assignor. Upon information and belief, there was no consideration received by the assignor in the Purported Assignment. Thus, the Purported Assignment is not a valid assignment and any rights in the '297 Registration are owned by Empire State Building Associates.

58. Upon information and belief, Empire State Building Associates was dissolved in 2013.

59. Upon information and belief, Empire State Building Associates has not used the mark depicted in the '297 Registration for more than three consecutive years. Thus, the mark in the '297 Registration has been abandoned, along with any common law rights in the mark.

60. Moreover, Empire State Building Associates did not have valid rights in the mark depicted in the '297 Registration. Under the partnership agreement of Empire State

Building Associates, dated July 11, 1961, such partnership was created for the limited "purpose only of acquiring a Master Lease of the Empire State Building." Thus, according to its own partnership agreement, Empire State Building Associates could not own, enforce, or assign trademarks. Therefore, Empire State Building Associates never possessed valid title in the '297 Registration, and subsequent assignments to Empire State Building Company and ESRT are consequently invalid.

61. For at least the above reasons, the '297 Registration should be declared abandoned and, pursuant to 15 U.S.C. §§ 1064 and 1119, should be canceled. Any common law rights in the image shown in the '297 Registration should also be declared abandoned.

### COUNT FOUR: DECLARATION OF NO DILUTION OF 2411972, 2413667, 2429297, 2430828, 5680158, 4797995, 4775666, and 4744135

62. Plaintiff re-alleges and incorporates the allegations of each of the preceding paragraphs as if fully set forth herein.

63. Based at least on the differences between the Accused Marks and the Asserted Marks, there is no dilution of Registration Nos. 2411972, 2413667, 2429297, 2430828, 5680158, 4797995, 4775666, and 4744135.

64. Plaintiff's use precedes Defendant's, at least as to Registration Nos. 5680158, and 4775666 and certain services in Registration Nos. 4797995.

65. The Asserted Marks are not famous.

66. The Asserted Marks are generic.

67. For at least the above reasons, Plaintiff is entitled to a judgment declaring that the Accused Marks do not dilute the Asserted Marks.

# COUNT FIVE: DECLARATION OF INVALIDITY AND CANCELLATION OF U.S. TRADEMARK REGISTRATION NOS. 2411972, 2413667, 2429297, 2430828, 5680158, 4797995, 4775666, and 4744135 - FRAUD

68. Plaintiff re-alleges and incorporates the allegations of each of the preceding paragraphs as if fully set forth herein.

69. In each of U.S. Trademark Registration Nos. 2411972, 2413667, 2429297, 2430828, 5680158, 4797995, 4775666, and 4744135, which either depict the Empire State Building or are for the word mark EMPIRE STATE BUILDING, Defendant, by its counsel Cowan, Liebowitz & Latman, P.C., omitted from the services listing the fact that all or many of its services are performed in the Empire State Building.

70. Upon information and belief, Defendant, by its counsel Cowan, Liebowitz & Latman, P.C., was aware that omitting the fact that its services are performed in the Empire State Building would deceive the United States Patent and Trademark Office ("USPTO") to believe that the services were not performed in the Empire State Building and the Examining Attorney would as such register the trademark applications, thereby avoiding refusal of the marks as being generic.

71. Upon information and belief, Defendant, by its counsel Cowan, Liebowitz & Latman, P.C., intended to deceive the USPTO.

72. The USPTO relied on Defendant's omission in registering Registration Nos. 2411972, 2413667, 2429297, 2430828, 5680158, 4797995, 4775666, and 4744135 since the USPTO was not aware that all or most of its services are performed in the Empire State Building. For example, the USPTO registered Registration No. 2411972 for the mark EMPIRE STATE BUILDING for the following services "entertainment services, namely, providing *observation decks in a skyscraper* for purposes of sightseeing." However, had

Defendant not withheld the fact that "a skyscraper" refers to the Empire State Building, the USPTO would have refused registration since the mark EMPIRE STATE BUILDING is generic or descriptive for a part (the observation deck) of the Empire State Building. Similarly, Registration No. 4775666 is for a depiction of the Empire State Building for, *inter alia*, "PROMOTING THE GOODS AND SERVICES OF OTHERS BY LICENSING IMAGES OF AN ICONIC BUILDING." That "iconic building" is of course the Empire State Building and had Defendant not withheld that fact from the USPTO, the Examining Attorney would have similarly refused registration as generic or descriptive.

73. By virtue of the circumstances described herein, Defendant knowingly made material misrepresentations or omissions to procure Registration Nos. 2411972, 2413667, 2429297, 2430828, 5680158, 4797995, 4775666, and 4744135.

74. For at least the above reasons, Registration Nos. 2411972, 2413667, 2429297, 2430828, 5680158, 4797995, 4775666, and 4744135 should be declared invalid and, pursuant to 15 U.S.C. §§ 1064 and 1119, should be canceled based on Defendant's fraud on the USPTO.

**COUNT SIX: DECLARATION OF LACHES AND UNREASONABLE DELAY**

75. Plaintiff re-alleges and incorporates the allegations of each of the preceding paragraphs as if fully set forth herein.

76. Since at least January 5, 2004, Plaintiff has been named EMPIRE STATE MANAGEMENT, and has been using this name in commerce only miles from the Empire State Building.

77. Plaintiff has been using the Accused Marks, which include EMPIRE STATE MANAGEMENT, and its generic skyscraper logo, since at least as early as January 5,

19

2004. Plaintiff's Accused Marks have been accessible on the Internet since at least as early as January 5, 2004.

78. Defendant either knew or should have known of Plaintiff's use of the Accused Marks.

79. Defendant, delayed enforcement for fourteen years, until 2018, and is therefore subject to laches. Thus, Defendant inexcusably delayed taking action with respect to the alleged infringement and dilution of the Asserted Marks.

80. Plaintiff would be prejudiced by permitting Defendant to inequitably assert its purported rights at this time.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A. Adjudging that Plaintiff has not infringed and is not infringing any of the Asserted Marks;

B. Adjudging that the Asserted Marks are invalid and subject to cancellation;

C. Adjudging that Defendant unreasonably delayed enforcing the Asserted Marks and enjoining Defendant from enforcing such marks against Plaintiff.

D. Awarding a permanent injunction enjoining Defendant and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Defendant from interfering with Plaintiff's business;

E. Issuing a judgment declaring that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or

participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff infringes any of the Asserted Marks or from instituting or initiating any action or proceeding alleging infringement of any of the Asserted Marks against Plaintiff;

F. Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

G. Ordering that Defendant pay all fees, expenses, and costs associated with this action; and

H. Granting Plaintiff such further relief as this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: February 13, 2020

        BY: /Jonathan L. Adler/
            Jonathan L. Adler, Esq.
            Adam J. Stein, Esq.
            STEIN ADLER DABAH
            & ZELKOWITZ LLP
            1633 Broadway, 46th Floor
            New York, New York 10019
            (212) 867-5620

            /Andrew D. Bochner/
            Andrew D. Bochner, Esq.
            BOCHNER IP
            295 Madison Avenue, 12th Floor
            New York, New York 10017

            Attorneys for Plaintiffs